IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KATHLEEN PIERCE,                           :

           Plaintiff,            :    Case No. 3:10cv349

   vs.                                  :    JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

          Defendant.           :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN THEIR
ENTIRETY; DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING
(DOC. #13) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF
PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER; VACATING
COMMISSIONER'S FINDING OF NON-DISABILITY; MAKING NO FINDING
AS TO WHETHER PLAINTIFF WAS UNDER A DISABILITY WITHIN THE
MEANING OF THE SOCIAL SECURITY ACT; AND REMANDING THE
CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT
TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR FURTHER
ADMINISTRATIVE PROCEEDINGS CONSISTENT WITH THIS COURT'S
DECISION; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a

decision of the Defendant Commissioner denying Plaintiff's application for Social

Security disability benefits.  On August 1, 2011, the United States Magistrate Judge

filed a Report and Recommendations (Doc. #12), recommending that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled

to benefits under the Social Security Act be vacated; that no finding be made as to

whether Plaintiff was under a disability within the meaning of the Social Security Act,ª and that the captioned cause be remanded to the Defendant Commissioner, under Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #12),  as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #7), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence, in that the Defendant Commissioner failed to make a credibility finding as required under prevailing legal criteria.  The Defendant's Objections to said judicial filing (Doc. #13) are overruled.  Accordingly, said decision is vacated and remanded for further administrative proceedings.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).  Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant

evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir.

1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by

substantial evidence, the Court must consider the record as a whole. Hephner v.

Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and

Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of

Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745

F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo,

resolve conflicts in evidence or decide questions of credibility. Garner, supra. The

findings of the Commissioner of Social Security and proceedings on Claimant's

application for social security disability benefits are not subject to reversal merely

because there exists in the record substantial evidence to support a different

conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th

Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it

must be affirmed, even if the Court as a trier of fact would have arrived at a

different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d

437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the

following, non-exclusive, observations:

1.     This Court agrees with the Magistrate Judge that the Administrative Law Judge failed to consider and assess the credibility of Plaintiff's testimony in any substantive manner.  The Administrative Law Judge's failure to engage in any reasoned analysis of Plaintiff's complaints of pain constituted error.

2.     Given that the evidence of disability herein is not overwhelming, nor is the evidence of disability strong while contrary evidence is weak, a remand for further administrative proceedings, rather than one for the payment of benefits, is proper.  Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

3.     On remand, the Administrative Law Judge is directed to re-evaluate Plaintiff's credibility under the legal criteria set forth in the Commissioner's Regulations, Rulings and as required by case law; and, further, to reconsider, under the required sequential evaluation procedure, whether Plaintiff was under a disability and thus eligible for benefits under the Social Security Act.  The Commissioner is also directed to take any and all other steps deemed necessary, including further consultive evaluations and the receipt of additional testimony and/or reports from treating sources of record, as might be helpful in making a determination of disability.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #12) in their

entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Defendant's Objections to said judicial filing (Doc. #13) are overruled. Judgment will be ordered entered in favor of the Plaintiff and against Defendant herein, vacating the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act; making no finding as to whether Plaintiff was under such a disability; and remanding the captioned cause to the Defendant Commissioner and the Administrative Law Judge, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings consistent with this Order.


The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


September 26, 2011

_____
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT


Copies to:

Counsel of record