# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KATHLEEN PIERCE, | : | |
| Plaintiff, | : | |
| | | Case No. 3:10cv00349 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| MICHAEL J. ASTRUE, | : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social | | |
| Security Administration, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

This case was previously remanded to the Social Security Administration under Sentence Four of 42 U.S.C. §405(g) for further proceedings.  The case is presently before the Court upon Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412(d) (Doc. #17), the Commissioner's Response (Doc. #18), and the record as a whole.

Plaintiff seeks an award of attorney fees under the EAJA in the total amount of $3,092.58.  Plaintiff calculates this amount by multiplying the number of attorney hours worked in this case – 18 hours – times the hourly rate of $171.81.  The Commissioner

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

contends that Plaintiff's hourly rate is excessive because it exceeds the statutory hourly rate of $125.00 and because Plaintiff not offered sufficient evidence to justify an increase to $171.81 per hour. Plaintiff is therefore limited to recovering attorney fees at the statutory rate of $125 per hour, according to the Commissioner.

The EAJA provides in part:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. §2412(d)(1) (parentheses omitted).

"In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. Plaintiffs must 'produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009)(internal citation omitted). "In accordance with the Sixth Circuit decision in *Bryant*, the submission of the Consumer Price Index, standing alone, is insufficient to satisfy the burden of proving that the higher hourly rate requested by counsel is justified." *Douglas v. Commissioner of Soc. Sec.*, 2012 WL 931100 at *2 (S.D. Ohio, March 19, 2012)(Rice, D.J.).

Plaintiff supports her proposed increase in the hourly rate of attorney fees with

counsel's time sheet and a copy of the consumer price index that is based on data extracted in March 2011. (Doc. #17, PageID at 139, 141). Plaintiff's evidence does not meet her burden to produce evidence showing that her requested rate is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See Bryant*, 578 F.3d at 450. Plaintiff is therefore entitled to recover her attorney fees at the statutory rate of $125.00 per hour.

      The Commissioner next objects to compensating Plaintiff for purely clerical or secretarial tasks. Although the Commissioner is generally correct, *see Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009), care must be taken to ensure that this category of reduction applies only to purely secretarial or clerical tasks. Tasks that require at least some legal knowledge to accomplish may be compensable under the EAJA even if the tasks also involve clerical or secretarial work. *Cf. Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."); *cf. also Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (EAJA awards of attorney fees may include compensation for paralegal services at prevailing market rate for such services).

      The Commissioner has shown the need to reduce Plaintiff's EAJA award by 1.5 hours due to the purely clerical tasks on Plaintiff's time sheet on January 21, 2011 for review of the docket and indexing the transcript. And the Commissioner correctly notes that indexing the transcript was unnecessary due to the existence of an index in the transcript filed by the Commissioner.

The Commissioner contends that Plaintiff's EAJA award should be reduced by for clerical tasks performed on December 3, 2010 (.25 hours) and February 17, 2011 (4.5 hours). The entry listed by Plaintiff's counsel on December 3, 2010 describes the attorney work as reviewing transcript as received and checking docket. These are more than purely clerical tasks; instead Plaintiff's attorney doubtlessly needed to briefly review the transcript and docket at that time to determine not only what evidence and material it contained but also whether it was complete. Similar entries on February 17, 2011 – plus begin preparation of the brief – likewise involved more than clerical work. The Commissioner is therefore not entitled to reductions for attorney work performed on December 3, 2010 or February 17, 2011.

Accordingly, Plaintiff is entitled to recover attorney fees at the hourly rate of $125 for 16.5 hours of attorney work for a total EAJA award of $2,062.50.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Motion For Attorney Fees Under Equal Access To Justice Act, 28 U.S.C.§2412(d) (Doc. #17) be GRANTED in part and DENIED in part;

2. Plaintiff be granted an award of attorney fees in the total amount of $2,062.50; and

3. The case remain terminated on the docket of this Court.


September 26, 2012                              s/Sharon L. Ovington
                                                Sharon L. Ovington
                                                United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).