UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KATHLEEN PIERCE, | : | Case No. 3:10-cv-349 |
| Plaintiff, | : | District Judge Walter Herbert Rice |
| vs. | : | Chief Magistrate Judge Sharon L. Ovington |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**ORDER FOR SUPPLEMENTAL BRIEFING**

This case is before the Court on Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b)(1) (Doc. 21) and the Commissioner's response in opposition (Doc. 23).[1] Upon review, the Court finds that the parties have failed to address certain issues, which are highly relevant to the disposition of this matter.

Accordingly, Plaintiff is hereby **ORDERED** to submit a supplemental brief, on or before November 12, 2015, to address the following:

1. The record contains a copy of a contingency fee agreement signed by Plaintiff's counsel and by "Eleanor Pierce for Kathleen Pierce, deceased." (Doc. 21, Ex. A). However, no suggestion of death notice has been filed, and Eleanor Pierce has not been substituted for Plaintiff in this case. Accordingly, Plaintiff's counsel **SHALL** advise the Court of Eleanor Pierce's relation to

---

[1] Plaintiff sought, and was granted, an extension of time to file a reply to the Commissioner's opposition, but no reply was ever filed. (Doc. 24).

Plaintiff and whether Eleanor Pierce is entitled to receive all or part of Plaintiff's benefits award;

2. If any other individual is, or may be entitled to claim all or part of Plaintiff's benefits award, Plaintiff's counsel **SHALL** disclose that person's identity to the Court and set forth his/her position regarding the contingency fee agreement;

3. Plaintiff's counsel **SHALL** notify the Court as to whether there was a fee agreement in place prior to Plaintiff's passing;

4. Additionally, Plaintiff's counsel **SHALL** state the full amount of Plaintiff's benefits award and, if counsel's requested fee in the amount of $10,199.25 is not 25% of such award, Plaintiff's counsel **SHALL** provide a thorough accounting of how the requested fee amount was calculated, and why any amount above what was agreed to in the fee agreement (*i.e.*, 25%) should be granted; and

5. Plaintiff's counsel **SHALL** address the Commissioner's arguments in the response in opposition (Doc. 23) that counsel's fees sought are unreasonable and constitute a windfall.

**IT IS SO ORDERED.**

Date:  10/15/15                                           *s/ Sharon L. Ovington*
                                                          Sharon L. Ovington
                                                          Chief United States Magistrate Judge