# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KATHLEEN PIERCE,                    :

    Plaintiff,                  :
                                         Case No. 3:10cv00349

vs.                                 :

                                         District Judge Walter Herbert Rice

CAROLYN W. COLVIN,                  :   Chief Magistrate Judge Sharon L. Ovington
Commissioner of the Social
Security Administration,            :

    Defendant.                  :

# REPORT AND RECOMMENDATIONS[1]

## I.

This case is before the Court upon a Motion For Allowance Of Attorney Fees filed by Plaintiff's counsel (Doc. #21), the Commissioner's Response (Doc. #23), the parties' Supplemental Briefs (Doc. #s 26, 27), and the record as a whole.  Plaintiff's counsel seeks an award of attorney fees based on a contingency-fee agreement executed in December 2012 by Plaintiff's mother and Plaintiff's counsel.  Plaintiff's mother executed the agreement as "Eleanor Pierce for Kathleen Pierce, deceased."  (Doc. #21, Exhibit A, *PageID* 179).

Plaintiff's mother was also substituted as claimant in the proceedings pending with the Social Security Administration (on remand from this Court) concerning Kathleen

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Pierce's applications for benefits. The substitution was needed because Kathleen Pierce died in early October 2012. (Doc. #26, *PageID* 207, 213, 215).

The contingency-agreement signed by Plaintiff's counsel and her mother states, in pertinent part:

> If the ALJ's first decision is a denial and the case is subsequently won following an appeal to the Appeals Council or Federal Court, the fee will be 25% of the back-benefits awarded or a minimum of $3,000.00, whichever is greater and will be sought by Fee Petition and will require approval by the Social Security Administration.

(Doc. #21, *PageID* 179).

In September 2011, this Court remanded the present case for further proceedings. On remand, the Social Security Administration decided to grant Kathleen Pierce's applications for benefits. She therefore received an award of past-due benefits. The Social Security Administration withheld 25% from those benefits, equaling $25,699.25, to secure funds sufficient to pay a possible judicial award of attorney fees to Plaintiff's counsel. (Doc. #21, *PageID* 182). Plaintiff's counsel received $15,500.00 for work performed at the administrative level. *Id*. at 186; *see* Doc. #23, *PageID* at 191.

Plaintiff's counsel now seeks, and the Commissioner opposes, an award of $10,199.25 in attorney fees for 17 total hours of services. (Doc. #21, *PageID* 178, 186). Plaintiff's counsel argues that this amount of attorney fees is warranted under 42 U.S.C. §406(b).

## II.

Section 406(b) authorizes this Court to award attorney's fees when a plaintiff brings a successful challenge to the Social Security Administration's denial of his or her application for benefits. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997). The award may not exceed 25% of the past-due benefits that the plaintiff received as a result of the successful challenge. *See id.*; *see also* 42 U.S.C. § 406(b)(1). To succeed under §406(b), the plaintiff's counsel must show, and the court must affirmatively find, that the contingency fee sought – even one within the 25% cap – is reasonable for the services rendered. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002); *see Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht,* 535 U.S. at 807.

To determine whether an award under §406(b) is reasonable, a floor/ceiling approach guides the way. The ceiling: Section 406(b)'s 25% cap, which "accords a rebuttable presumption of reasonableness to contingency agreements that comply with §406(b)'s 25%-cap." *Lasley*, 771 F.3d at 309. The floor: "[the] hypothetical rate that is twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991). "'[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable ...'" *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at

3

421).

Within the range set by this floor and this ceiling, "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.'" *Lasley*, 771 F.2d at 309 (quoting *Hayes,* 923 F.2d at 421). Courts may consider arguments attacking the rebuttable presumption of reasonableness that attaches to awards above the double-the-standard-rate floor and below the 25% statutory ceiling. *Id*. at 309.

"Reasonableness" remains the heart of the matter. And, care must be taken to consider the presumption a rebuttable – not a strict – presumption of reasonableness. *Lasley*, 771 F.2d at 309 (noting, "*Gisbrecht* ... elides strict presumptions altogether."). Reducing a sought-after award is warranted to avoid windfalls especially "'[i]f the benefits are large in comparison to the amount of time counsel spent on the case ....'" *Id*. at 310 (quoting *Gisbrecht*, 535 U.S. at 808).

Defendant points out that the proposed total fee award of $10,199.25, if granted, would result in an award based on a hypothetical hourly rate of $599.96 ($10,199.25 ÷ 17 hours = $599.96). Defendant contends that this award would be an impermissible windfall to Plaintiff's counsel because it is more than twice the standard rate – $171.82 – she used in Plaintiff's EAJA application. Defendant asks the Court to reduce Plaintiff counsel's hourly rate from $599.96 to $360.00, and thus set a reasonable total fee for Plaintiff's counsel at $5,310. (Doc. #23, *PageID* 200).

The award Plaintiff's counsel requests is not a windfall. The amount of attorney fees

4

Plaintiff counsel's seeks is far less than 25% of the total past-due benefits the Social Security Administration awarded Plaintiff on remand. Those past-due benefits equaled $102,970.00. Counsel presently seeks an award that is 9.91% of that total of the total past-due benefits awarded ($10,199.25/$102,970 = 0.09905069 x 100 = 9.91%). Plaintiff's request is therefore well below the 25% ceiling set by §406(b).

As to the applicable floor, Defendant argues that the "Sixth Circuit in *Lasley* endorsed using the hourly rate from counsel's EAJA petition as the standard rate upon which to based 406(b) fees." (Doc. #23, *PageID* 194, citing *Lasley*, 771 F.3d at 310 (citing *Edwards v. Comm'r of Soc.*, No. 1:08cv00815, 2011 WL 1002186, at *1 (S.D. Ohio Mar. 16, 2011) (footnote omitted)). This argument overlooks that *Lasley* did not hold that the hourly rate counsel sought in her EAJA motion is the standard rate upon which to calculate §406(b) fees. Instead, the Sixth Circuit in *Lasley* looked to the standard rate applied to social security fee requests in the Southern District of Ohio and cited, as examples, two cases with parenthetical data points to identify standards rates in this District, one of which – *Edwards* – relied on counsel's EAJA rates. 771 F.2d at 310. This is a far cry from endorsing the EAJA rate as the standard rate to use in all cases when determining reasonableness of a §406(b) award.

The Sixth Circuit in *Lasley* also noted that the district court considered other factors "including counsel's delay in filing the §406(b) motion, the Commissioner's opposition to the fee, and the 'brevity' and 'relative simplicity' of the representation." 771 F.3d at 310.

5

These considerations demonstrate that counsel's EAJA rate, although it may sometimes be an appropriate starting point, is not the ending point of the reasonableness analysis.

There is an additional strong reason not to strictly transfer counsel's EAJA rate to the §406(b) context: the fluctuating, risk-driven nature of contingency fees. The Sixth Circuit explains:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the requested fee by the number of attorney hours worked]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990).

Plaintiff's counsel acknowledges that she neglected to support her §406(b) Motion with proof of the standard hourly rate. Yet she has now supplied supporting documents, *see* Doc. #26, and she argues that her requested hypothetical hourly rate of $599.96 is supported by the 2010 and 2012 Ohio State Bar Association's publications, The Economics of Law Practice in Ohio and the rate approved in *Wierzba-Wysong v. Comm'r of Soc. Sec.*, No. 3:12-CV-15, 2015 WL 4550058, at *1 (S.D. Ohio Apr. 30, 2015) (Newman, M.J.), Report and Recommendation adopted by 2015 WL 4550531 (S.D. Ohio May 5, 2015) (Rice, D.J.). These contentions are well taken. The 2012 publication reports that the median hourly rate for social-security attorneys in the City of Dayton is $250 and the hourly rate for 75th Percentile is $325. *See* Doc. #26, *PageID* at 219. Because Plaintiff's counsel is very

experienced in litigating cases that challenge the Social Security Administration's denials of social security benefits, it is reasonable to place her standard hourly rate closer to the 75th percentile rate. Her requested hourly rate of $299.98 accomplishes this and doubling this rate leads to a reasonable hypothetical hourly rate of $599.96. This rate remains reasonable in light of the hypothetically hourly rate of $538.50 that was approved in *Wierzba-Wysong* and the rates approved in the cases *Wierzba-Wysong* cites. *See* 2015 WL 4550058, at *1.

Accordingly, the hypothetical hourly rate requested by Plaintiff's counsel is reasonable and will not result in a windfall.

The Commissioner correctly points out that several entries in the timesheets submitted by Plaintiff's counsel describe non-attorney work that should not be included in counsel's 406(b) award. The Court has previously determined in this case that the 1.5 hours of work documented in counsel's entry on January 21, 2011– work involving reviewing the docket and indexing transcripts – was "unnecessary due to the existence of an index in the transcript filed by the Commissioner." (Doc. #19, *PageID* at 171). It remains so presently and must be excluded. Additionally, counsel's 0.75 hours of work for receipt of various notices and orders in 2010 do not describe compensable attorney work. This 0.75 is also excluded.

Subtracting these hours from counsel's total requested hours leaves 14.75 total compensable hours (17 - 2.25 = 14.75 hours). Plaintiff's counsel is therefore eligible for a total award of attorney fees under §406 of 14.75 x 599.96 = $8,849.41.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Motion For Allowance Of Attorney Fees filed by Plaintiff's counsel (Doc. #21) be GRANTED, in part, and the Commissioner be directed to pay Plaintiff's attorney fees pursuant to 42 U.S.C. §406(b) in the total amount of $7,374.41;

2. Counsel's Motion (Doc. #21) be DENIED in remaining part; and

3. The case remain terminated on the docket of this Court.


April 4, 2016

                 s/Sharon L. Ovington
                 Sharon L. Ovington
             Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).